Michelle M. Holmes, Bar No. 251386
mmholmes@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 800.715.1330

Evelina Shpolyansky, Bar No. 289868
eshpolyansky@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 800.715.1330

Attorneys for Defendant
SAKS & COMPANY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA WEIDNER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>SAKS & COMPANY LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]**<br><br>Trial Date:    None Set<br>Complaint Filed:  July 11, 2024 |

1

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF ELLA WEIDNER, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Saks & Company LLC ("Defendant") by and through the undersigned counsel, hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Los Angeles to the United States District Court, Central District of California, pursuant to 28 U.S.C. § 1332, 1441, and 1446.

Defendant makes the following allegations in support of its Notice of Removal of Civil Action to Federal Court:

**I.   STATEMENT OF JURISDICTION**

1.  This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is a civil action between citizens of different states. 28 U.S.C. §§ 1332, 1441(a), 1446(b). As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.   VENUE**

2.  The action was filed in Superior Court of the State of California, County of Los Angeles, which is located within the territory of the United States District Court for the Central District of California. 28 U.S.C. §§ 84(a). Thus, venue is proper in this Court because it is the district and division embracing the place where the action is pending at the time of removal. *See* 28 U.S.C. § 1391, 1441(a), and 1446(a).

**III.   STATUS OF PLEADINGS, PROCESS AND ORDERS**

3.  On July 11, 2024, Plaintiff Ella Weidner ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Ella Weidner v. Saks & Company LLC, a Delaware limited*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*liability company; and Does 1 through 50*, bearing Case No. 24STCV17238 ("Complaint"). A true and correct copy of Plaintiff's Summons and Complaint, along with the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Management Conference, Order to Show Cause Hearing, Alternative Dispute Resolution Information Package, and Notice of Case Assignment, which accompanied the Summons and Complaint, are attached to the Declaration of Evelina Shpolyansky in Support of Defendant's Notice of Removal of Civil Action to Federal Court as Exhibit A and incorporated herein by reference. ("Shpolyansky Decl." ¶ 2, Exhibit A, Complaint.)

4. The Complaint alleges three causes of action: (1) sex/gender discrimination in violation of the FEHA; (2) wrongful termination in violation of public policy; and (3) intentional infliction of emotional distress. (Shpolyansky Decl. ¶ 2, Exhibit A, Complaint.) Plaintiff seeks special damages, general damages, punitive and exemplary damages, lost wages, benefits, penalties, pre-judgment interest, attorney's fees, cost of suit, and such other and further relief as the Court deems just and proper. (Shpolyansky Decl. ¶ 2, Exhibit A, Complaint, Prayer for Relief.) Plaintiff's Complaint is otherwise silent as to the total value of relief sought by way of this action. *Id*.

5. On July 25, 2024, Plaintiff served Defendant's agent for service of process with the Summons and Complaint. (Shpolyansky Decl., ¶ 3).

6. On August 20, 2024, Defendant filed its Answer to Plaintiff's Complaint in Superior Court of California, County of Los Angeles prior to the filing of this Notice of Removal of Civil Action to Federal Court. (Shpolyansky Decl., ¶ 4, Exhibit B, Answer). A true and correct copy of Defendant's Answer is attached to the Declaration of Evelina Shpolyansky Support of Defendant's Notice of Removal of Civil Action to Federal Court as Exhibit B, and incorporated herein by reference. (Shpolyansky Decl. ¶ 4, Exhibit B).

7. To the best of Defendant's knowledge, no further proceedings have been filed in Plaintiff's state court action in the Superior Court, and the papers described

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

3

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

above constitute all process, pleadings and orders filed and/or served in the Superior Court (Shpolyansky Decl., ¶ 2-5, Exhibits A and B.) To Defendant's knowledge, none of the Doe Defendants have been identified or served to date. (Shpolyansky Decl., ¶ 6.)

## IV. TIMELINESS OF REMOVAL

8. This Notice of Removal of Civil Action to Federal Court is timely filed as it is filed within thirty (30) days of July 25, 2024, the date of service of the Summons and Complaint, and within one year from the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b).

## V. DIVERSITY JURISDICTION

### A. Complete Diversity Exists Between Plaintiff and Defendant.

9. The diversity of citizenship statute, 28 U.S.C. § 1332(a), provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States. . .

10. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and it may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because complete diversity exists among the parties, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below.

#### 1. Plaintiff Is a Citizen of California.

11. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person is a "citizen" of the state in which he or she is domiciled. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, No. CV 12-03117 SJO PLAX, 2012 WL 10759737,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

4
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  at *2 (C.D. Cal. June 12, 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d
2  514, 520 (10th Cir. 1994).)

3      12.    Here, Defendant is informed and believes that, at the time she commenced
4  her state court action, Plaintiff was, and still is, a citizen of the State of California.
5  (Complaint, ¶ 4); *see e.g.*, *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency
6  can create a rebuttable presumption of domicile supporting diversity of citizenship);
7  *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal.
8  Mar. 18, 2008) (place of residence provides *prima facie* case of domicile). Thus,
9  Plaintiff is a citizen of California for diversity jurisdiction purposes.

        **2.    Defendant Is a Not a Citizen of California.**

11      13.    For diversity purposes, the citizenship of a limited liability company is the
12  citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d
13  894, 899 (9th Cir. 2006) (recognizing general rule in Ninth Circuit that "an LLC is a
14  citizen of every state of which its owners/members are citizens.").

15      14.    Defendant is a single-member limited liability company. Defendant's sole
16  member is SFA Holdings Inc. (f/k/a Saks Incorporated) ("SFA"). The Supreme Court
17  has established the proper test for determining the principal place of business of a
18  corporation for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77,
19  78, 79 (2010). The *Hertz* Court held that the "'principal place of business' [as contained
20  in section 1332(c)] is best read as referring to the place where a corporation's officers
21  direct, control, and coordinate the corporation's activities." *Id.* at 92-93. The *Hertz*
22  Court further clarified that the principal place of business was the place where the
23  corporation "maintains its headquarters—provided that the headquarters is the actual
24  center of direction, control, and coordination." *Id.* at 93. That is, a company's principal
25  place of business' refers to the corporation's 'nerve center,'" (*Id.*) which is normally
26  where the corporation maintains its headquarters. *Id.*

27      15.    At all relevant times, including when this action was commenced in state
28  court and currently, SFA has not been organized or incorporated under the laws of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

5

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  California, or had its principal place of business there. Rather, SFA has been a
2  Tennessee corporation, with its principal place of business in New York, New York,
3  where its corporate officers and headquarters, that house their primary executive,
4  administrative, and operational functions, are located. In addition, SFA makes and
5  implements company-wide operating, financial, and other policy decisions primarily at
6  its headquarters located in New York, New York.  In turn, the citizenship of SFA
7  determines the citizenship of Defendant Saks & Company LLC. *Johnson*, 437 F.3d at
8  899.  Because Defendant Saks & Company LLC's citizenship is that of its sole member,
9  at all relevant times, Defendant has been a citizen of Tennessee and New York, not
10 California, for diversity jurisdiction purposes.

**3.  The Doe Defendants Should Be Disregarded.**

16.  The Complaint names Does 1 through 50 as defendants. (Complaint, ¶ 5.) The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

17.  Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Tennessee and New York, not a citizen of California.  Accordingly, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

**B.  The Amount in Controversy Exceeds $75,000.**

18.  In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate by a preponderance of the evidence (*i.e.*, that it is more likely than not) that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

19.  Where, as here, removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

6

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  The Supreme Court in *Dart Cherokee* explained that the removal statute tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

20.  In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 985 (S.D. Cal. 2005).

21.  Where a complaint, in good faith, alleges on its face a sufficient amount in controversy, that amount controls unless there is a legal certainty that the stated amount cannot be recovered. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997).  This burden is satisfied as to the amount in controversy if the plaintiff's own pleading contains express allegations seeking damages in excess of the jurisdictional minimum (*i.e.*, $75,000). *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d at 402.  Moreover, in determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

22.  Here, although Defendant denies that Plaintiff has suffered any damages, it can be reasonably ascertained from the pleadings that the amount in controversy exceeds $75,000.  Plaintiff seeks "special damages[…]; [f]or general damages for general damages for emotional distress resulting from suffered humiliation, embarrassment, disgrace, loss of reputation, mental anguish, and emotional and physical distress." (Complaint, Prayer for Relief, ¶¶ 1-2); *see also* Complaint ¶ 16 ("Plaintiff has suffered and continues to suffer severe emotional distress, lost earnings,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

7

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

lost future earnings, and other damages…"; *see also* Complaint ¶ 17 ("Plaintiff has suffered and continues to suffer pain, humiliation, severe emotional distress, trauma, and sleeplessness."); *see also* Complaint ¶ 26 ("Plaintiff has suffered and continues to suffer compensatory damages, including without limitation, severe emotional distress, lost wages, benefits, and compensation, and loss of future earnings and earning capacity in the amount of at least $25,000.00…")

23. At the time of her termination, on May 20, 2024, Plaintiff was earning a base salary of $85,000.00 per year. (*See* Declaration of Letricia Francois ("Francois Decl."), ¶ 4.) This equates to approximately $7,083.33 a month in base pay. Although Defendant denies Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was to recover alleged lost wages through the date of trial (anticipating a trial date of August 2025 – one year from the date of removal), Plaintiff's lost earnings would be approximately **$99,166.67** ($7,073.33 * 14 months) in base pay alone.

24. In addition, front pay awards in California frequently span a number of years. *Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1987) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only one year, the amount of future income in controversy in this case, again based solely on Plaintiff's base salary at time of termination, would total at least an additional **$85,000,** which alone satisfies the amount in controversy required.

25. Additionally, in order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Vasquez v. Arvato Digital Services, LLC*, Case No. CV11-02836-RSWL(AJWx), 2011 WL2560261 (C.D. Cal. June 27, 2011). In the following cases, juries awarded plaintiffs in excess of $75,000 in emotional distress damages alone. In *Izaguirre v. International Coffee & Tea LLC*, Case No. BC486877, 2013 WL 6624243 (Sept. 26, 2013), the plaintiff claimed that she was terminated after she was

8

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

injured and took time off work, that her employer failed to engage in the interactive process, and that she was denied a reasonable accommodation, in violation of FEHA. The plaintiff was awarded **$100,000** in non-economic damages.

26. In *Quiroz v. Ralphs Grocery Company*, Case No. BC453081, 2012 WL3745798 (June 20, 2012), the plaintiff claimed he was terminated after a knee injury for which he had to take time off work, and that his employer failed to engage in the interactive process in violation of FEHA. The plaintiff was awarded **$100,000** in non-economic damages. In *Balassa v. City of Los Angeles*, Case No. BC386440, 2010 WL 2696950 (Apr. 19, 2010), the plaintiff claimed he was subjected to discrimination and harassment because of his disability, that he suffered a heart attack while under stress at work and the plaintiff was awarded **$150,000** in non-economic damages.

27. In *Kroske*, the Ninth Circuit found the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

28. Based on *Kroske*, here, Plaintiff could conservatively recover emotional distress damages in an amount of $25,000 for her alleged emotional distress. Based on Plaintiff's allegations of mental pain and suffering due to Defendant's alleged conduct, that the amount in controversy for Plaintiff's non-economic damages can be reasonably estimated as, at a minimum, **$25,000**.

29. Plaintiff also seeks punitive damages (Complaint, ¶¶ 17, 23, 27, 32; Prayer for Relief, ¶ 3), which further adds to the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

9

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

defendant's net worth. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages she seeks, alone, could easily exceed the jurisdictional minimum of $75,000.

30.   As a conservative estimate of punitive damages equal to twice Plaintiff's emotional distress damages, the potential punitive damages available to Plaintiff in this case add an additional **$50,000** to the amount in controversy.

31.   Finally, Plaintiff seeks attorney's fees and costs. (Complaint, ¶¶ 17, 22; Prayer for Relief, ¶¶ 6, 7.)  The Ninth Circuit recently held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).  This amount includes future attorney's fees. *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]here is no question that future [attorney's fees] are 'at stake' in the litigation[.]") (internal brackets in original).  Accordingly, the Court may consider these fees when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  In determining whether the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable attorney's fees likely to be recovered by a plaintiff if she were to prevail on her claims. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002).  At a conservatively assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent from inception through trial) to incur $75,000 in reasonable attorney's fees (*i.e.*, 250 hours x $300/hour = $75,000). Accordingly, an attorney's fees award in this case could easily reach and, in fact,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

10

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

reasonably exceed the requisite **$75,000** amount in controversy.

32. While Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs:

| | |
|---|---|
| Lost Wages (*From Termination Through Trial*) | $99,166.67 |
| Front Pay | $85,000.00 |
| Emotional Distress (*Inclusive of IIED Claim*) | $25,000.00 |
| Punitive Damages | $50,000.00 |
| Attorneys' Fees | $75,000.00 |
| **Total Amount in Controversy**[1] | **$334,166.67** |

33. The preponderance of evidence shows that the sum of Plaintiff's potential recovery easily exceeds the jurisdictional minimum of $75,000, exclusive of interests and costs.

34. Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because complete diversity exists between Plaintiff and Defendant. As such, the United States District Court for the Central District of California has original jurisdiction over this matter, and removal is authorized under 28 U.S.C. § 1441(b).

## VI. NOTICE TO STATE COURT AND ADVERSE PARTY

35. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal of Civil Action to Federal Court is being served upon counsel for Plaintiff. (Shpolyansky Decl., ¶ 7.) In addition, a copy of this original Notice of Removal of Civil Action to Federal Court will be promptly filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. (*Id.*)

---

[1] The alleged damages calculations contained herein are for purposes of the Notice of Removal only. Defendant denies that Plaintiff is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

11
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

## VII. CONCLUSION AND REQUESTED RELIEF

36. In the event this Court has questions or requires further comment regarding the propriety of this Notice of Removal of Civil Action to Federal Court, Defendant respectfully requests that this Court issue an Order to Show Cause so that Defendant may have an opportunity to supplement a more detailed brief outlining the basis for this removal.

**WHEREFORE**, Defendant removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

Dated: August 23, 2024                    LITTLER MENDELSON, P.C.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Evelina Shpolyansky*
　　　　　　　　　　　　　　　　　　　　　　Michelle M. Holmes
　　　　　　　　　　　　　　　　　　　　　　Evelina Shpolyansky
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　SAKS & COMPANY LLC

4877-6758-7542.5 / 124210-1028

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

12

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT